# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

DAVID MALCICH,                        )
                                      )
      Plaintiff,                )
                                      )
  vs.                                )          Case No. 4:22-cv-01146-MTS
                                      )
ALWAELI, LLC,                         )
                                      )
      Defendant.                )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment, Doc. [14].  The Court finds that Plaintiff's proposed order granting the Motion and entering judgment does not satisfy Federal Rule of Civil Procedure 65(d).[1]  That Rule provides that "[e]very order granting an injunction . . . must" not only "state its terms specifically," but also "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  Fed. R. Civ. P. 65(d)(1).  Plaintiff's proposed order fails to meet these specificity requirements.  Plaintiff shall submit a proposed order granting his Motion and entering judgment that will comply with Federal Rule of Civil Procedure 65(d).

      Accordingly,

---

[1] While much of Rule 65 applies only to preliminary injunctions and to temporary restraining orders, subdivision (d) applies to every injunction.  *See* Fed. R. Civ. P. 65(d); *see also Int'l Longshoremen's Ass'n, Loc. 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (finding that Rule 65(d) applies to all injunctions and to any "equitable decree compelling obedience under the threat of contempt," even if not labeled as an "injunction"); *see also, e.g.*, *Rhone-Poulenc Rorer Pharms., Inc. v. Marion Merrell Dow, Inc.*, 93 F.3d 511, 517 (8th Cir. 1996) (vacating a portion of a "permanent injunction" because it "violate[d] Rule 65(d)"); *Scott v. Schedler*, 826 F.3d 207, 213 (5th Cir. 2016) (per curiam) (vacating a permanent injunction because it ran "afoul of Rule 65(d)(1)").

**IT IS HEREBY ORDERED** that, no later than **Monday, November 20, 2023**, Plaintiff shall file a revised proposed order granting his Motion for Default Judgment consistent with this Memorandum and Order.  Failure to do so timely may result in the dismissal of this action without prejudice and without further notice.

Dated this 6th day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE